**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
CHAVA KATZMAN AND MOSHE KATZMAN
on behalf of themselves and
all other similarly situated consumers

                Plaintiff,

    -against-

MALLOW, KONSTAM, MAZUR,
BOCKETTI & NISONOFF, P.C.

            Defendant.

-------------------------------------------------------

**CV-13 0614**

JOHNSON, J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ FEB 01 2013 ★
LONG ISLAND OFFICE

LEVY, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiffs Chava Katzman and Moshe Katzman seek redress for the illegal practices of

Mallow, Konstam, Mazur, Bocketti & Nisonoff, P.C. concerning the collection of debts,

in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*

("FDCPA").

### *Parties*

2.    Plaintiffs are citizens of the State of New York who reside within this District.

3.    Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiffs a consumer debt

purportedly owed to Israel Grunstein.

4.  Upon information and belief, Defendant's principal place of business is located in New York, New York.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Chava Katzman and Moshe Katzman*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

10. On or about February 15, 2012, Defendant sent the Plaintiffs a collection letter/Notice of Default seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter stated in pertinent part as follows: "In accordance with the terms of the Note of Judgment, unless you cure your default by bringing your payments current with the payment of $31,742.24 within TEN (10) DAYS of the date of this letter, the entire unpaid balance of the loan and note will be immediately due and payable in full and Mr. Grunstein will file the Confession of Judgment against you and enforce the Judgment and Note by all means allowable by law."

12.  Upon information and belief, the said letter was the Defendant initial communication with the Plaintiffs.

13.  The said letter is completely devoid of the litany of warnings and notices required by 15 U.S.C. §§ 1692g and 1692e(11). See. <u>Dowling v. Kucker Kraus & Bruh, L.L.P., 2005 WL 1337442 (S.D.N.Y. June 6, 2005.)</u> (Debt collectors could not evade the notice requirements of the FDCPA merely by having a creditor sign a demand for rent that the collector prepared and mailed.)

14.  The said letter fails to, inter alia, adequately advise the Plaintiffs of their rights, because the thirty (30) day validation notice required by 15 U.S.C. §1692(g) was not placed anywhere in the demand for payment of the alleged debt.

15.  The language in the aforementioned letter violates 15 U.S.C. § 1692(g), because it contradicts the requirement that the Plaintiffs be advised of and given a thirty (30) day period in which to dispute the bill.

16.  The aforementioned letter fails to disclose clearly that the Defendant was attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. §1692(e)(11).

17.  The Defendant failed to give Plaintiffs notice of their rights as mandated by 15 U.S.C. §§ 1692g and 1692e(11) within five (5) days of Defendant's said initial communication to the Plaintiffs.

18.  Had the Plaintiffs been given notice of their rights pursuant to 15 U.S.C. § 1692g, they would have promptly made such dispute, requested verification, settled and/or made payment of said amount demanded.

-3-

19.    The Defendant, in attempting to collect from the Plaintiffs the aforementioned alleged past due debt, employing, inter alia, the acts and/or omissions described above, violated:

      i.    15 U.S.C. §1692e generally, and specifically, 15 U.S.C. § 1692e(10) and 1692e(11) by Defendant's February 15, 2012 initial communication, as described above;

      ii.    15 U.S.C. § 1692f generally, and specifically 15 U.S.C. §1692g(a), by failing to advise the Plaintiffs of any of their rights as required by § 1692g in Defendant's initial communication or within five (5) days of said initial communication to the Plaintiffs in connection with the collection of the aforementioned alleged debt; and

20.    Upon information and belief, other persons hold the same or similar claims against the Defendant, for the Defendant's failure to notify them of their rights as mandated by 15 U.S.C. §1692g, within five (5) days after the initial communications substantially similar to those received by the Plaintiffs from the Defendant in the collection or attempted collection of rent, and/or other consumer debts within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of themselves and the members of a class, as against the Defendant.***

21.    Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through twenty (20) as if set forth fully in this cause of action.

22.    This cause of action is brought on behalf of Plaintiffs and the members of a class.

-4-

23.     The class consists of all persons whom Defendant's records reflect resided in the State

of New York and who were sent a collection letter (a) bearing the Defendant's letterhead

in substantially the same form as the letter sent to the Plaintiffs on or about February 15,

2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt

purportedly owed to Israel Grunstein; and (c) the collection letter was not returned by

the postal service as undelivered; and (d) the Defendant violated 15 U.S.C. §§ 1692e,

1692e(10), 1692e(11), 1692f, and 1692g(a), for Defendant's intentional violation of the

mandatory disclosure requirements of the FDCPA.

24.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A) Based on the fact that a form collection letter is at the heart of this litigation, the class is

so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions

predominate over any questions affecting only individual class members. The principal

question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the

collection letters, (*i.e.* the class members), a matter capable of ministerial determination

from the records of Defendant.

(D) The claims of the Plaintiffs are typical of those of the class members. All are based on

the same facts and legal theories.

(E) The Plaintiffs will fairly and adequately represent the class members' interests. The

Plaintiffs have retained counsel experienced in bringing class actions and

-5-

collection-abuse claims. The Plaintiff interests are consistent with those of the members of the class.

25.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.    If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

28.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

29.    Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and against the Defendant and award damages as follows:

-6-

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. §

        1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this

        action; and

(c)     Any other relief that this Court deems appropriate and just under the

        circumstances.


                    Dated: Cedarhurst, New York
                           January 30, 2013


                    _____
                    Adam J. Fishbein, P.C.  (AF-9508)
                    Attorney At Law
                    **Attorney for the Plaintiffs**
                    483 Chestnut Street
                    Cedarhurst, New York 11516
                    Telephone (516) 791-4400
                    Facsimile (516) 791-4411



Plaintiffs request trial by jury on all issues so triable.


                    _____
                    Adam J. Fishbein (AF-9508)

-7-

LAW OFFICES
## MALLOW, KONSTAM, MAZUR, BOCKETTI & NISONOFF, P.C.

PHILLIP A. BOCKETTI
ABE H. KONSTAM*
GEROLD MALLOW*
WAYNE J. MAZUR
MADELEINE NISONOFF

SYMA DIAMOND*
*Admitted in N.Y. & N.J.

321 BROADWAY, 5TH FLOOR
NEW YORK, NEW YORK 10007
TEL. NO.: (212) 964-7990
FAX NO.: (212) 267-4080**
** Not For Service of Litigation Papers

MIRRA KHAVULYA
ALFRED F. SICA
BARRY S. SCHUMAN
COUNSEL

NEW JERSEY OFFICE
1100 JOHNSON COURT
NEW MILFORD, N.J. 07646
(201) 907-0928

February 15, 2012

## *NOTICE OF DEFAULT*

Chava & Moshe Katzman
699 Crown Street
Brooklyn, New York 11213

     *re:*    *Israel Grunstein*
            *Promissory Note dated June 26, 2007*

Dear Mr. & Ms. Katzman:

    This office represents Israel Grunstein in connection with the $100,000.00 loan he made to you memorialized by the Promissory Note and Confession of Judgment executed by you on June 26, 2007.

    I have been informed by Mr. Grunstein that pursuant to the aforementioned Note and Judgment that you are currently in Default of your required monthly payments in the sum of $31,742.24.

    In accordance with the terms of the Note and Judgment, unless you cure your default by bringing your payments current with the payment of $31,742.24 within TEN (10) DAYS of the date of this letter, the entire unpaid balance of the loan and note will be immediately due and payable in full and Mr. Grunstein will file the Confession of Judgment against you and enforce the Judgment and Note by all means allowable by law.

                              Very truly yours,

                              Wayne J. Mazur

WJM:en